Philips RS N. Am., LLC v Savara, Inc (2023 NY Slip Op 00829)

Philips RS N. Am., LLC v Savara, Inc

2023 NY Slip Op 00829

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 650269/21 Appeal No. 17317 Case No. 2022-03713 

[*1]Philips RS North America, LLC, Formerly Known as Respironics, Inc, etc., Plaintiff-Respondent,
v
Savara, Inc, Formerly Known as Mast Therapeutics, Inc., Defendant, Aires Pharmaceuticals, Inc., Defendant-Appellant.

Slarskey LLC, New York (Renee Bea of counsel), for appellant.
Saiber LLC, New York (Marc E. Wolin of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 13, 2022, which, in accordance with CPLR 3212(f), denied defendant Aires Pharmaceuticals, Inc.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant's summary judgment motion was premature, as there was outstanding discovery with respect to a potential alter ego relationship between defendant and another corporate entity (see Wilson v Yemen Realty Corp., 74 AD3d 544, 545 [1st Dept 2010]; see also Emposimato v CIFC Acquisition Corp., 89 AD3d 418, 420 [1st Dept 2011]).
We reject defendant's argument that plaintiff's claim to an earned fee can be resolved without resolving the alter ego issue, solely on the terms of the parties' equipment supply agreement. The parties' submissions raise factual issues as to whether their transaction, including the consideration exchanged among the entities involved, would allow plaintiff to prevail on its claim to a fee. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023